1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
                                          16-CR-634(PKC)
UNITED STATES OF AMERICA,
                                          United States Courthouse
        Plaintiff,                        Brooklyn, New York

        -against-                         December 13, 2016
                                          1:00 p.m.
TORNEOS Y COMPETENCIAS S.A.,

        Defendant.

---------------------------------x

           TRANSCRIPT OF CRIMINAL CAUSE FOR MOTION HEARING
                BEFORE THE HONORABLE PAMELA K. CHEN
                    UNITED STATES DISTRICT JUDGE

APPEARANCES
For the Government:        ROBERT L. CAPERS, ESQ.
                           United States Attorney
                           Eastern District of New York
                           271 Cadman Plaza East
                           Brooklyn, New York 11201
                           BY:  SAM NITZE, AUSA
                                EVAN NORRIS, AUSA
                                BRIAN MORRIS, AUSA
                                KRISTIN MACE, AUSA


For the Defendant:         RICHARDS KIBBE & ORBE LLP
                           200 Liberty Street
                           New York, New York 10281
                           BY:  LEE S. RICHARDS, III, ESQ.
                                DAVID B. MASSEY, ESQ.
                                MARIA E. LAPETINA, ESQ.

Court Reporter:            Georgette K. Betts, RPR, CSR, OCR
                           Phone:  (718)804-2777
                           Fax:    (718)804-2795
                           Email:  Georgetteb25@gmail.com


Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

GEORGETTE K. BETTS, RPR, CSR
Official Court Reporter

1              THE COURTROOM DEPUTY:  All rise.

2              THE COURT:  Good afternoon.  Have a seat, everyone.

3              THE COURTROOM DEPUTY:  Criminal cause for motion

4    hearing, docket 16-CR-634.  USA versus Torneos y Competencias.

5              Will the parties please state their appearances for

6    the record, starting with the government.

7              MR. NITZE:  Sam Nitze, Evan Norris, Brian Morris and

8    Kristin Mace for the United States.

9              Good afternoon, Your Honor.

10             THE COURT:  Good afternoon.

11             MR. MASSEY:  Good afternoon, Your Honor.  David

12   Massey, Lee Richards and Maria Lapetina of Richards Kibbe &

13   Orbe.  With us here at counsel table are Ignacio Galarza, who

14   is the general manager of Torneos.  He joined the company in

15   June of 2015.  He serves as the chief executive officer.

16   Also, Pedro Castro Nevares joined in July of 2015.  He's the

17   legal director and chief compliance officer and functions as

18   the general counsel of Torneos.

19             THE COURT:  Good afternoon to all of you.

20             Everyone can remain seated during the proceeding,

21   just make sure you use the microphones and speak slowly and

22   clearly.

23             All right.  So this matter was initiated by the

24   government based on a motion to proceed by way of felony

25   information against this corporate defendant whom I'll refer

1   to simply as Torneos because my Spanish is awful.
2            Also the government filed, a few moments ago, a
3   request not only to proceed by way of information to also
4   place this matter into abeyance for a period of 48 months and
5   to exclude time under the Speedy Trial Act for the same period
6   of time.  And the government also represents that the
7   defendant Torneos has agreed to these requests and joins in
8   them.
9            The first matter I want to address is who will be
10  waiving indictment and agreeing to proceed by way of
11  information, and who will also be agreeing to the request to
12  hold in abeyance this matter for 48 months and for the
13  exclusion of time under the Speedy Trial Act.
14           Now I reviewed the certificate of Torneos' legal
15  director, Mr. Nevares, certifying that Torneos' board of
16  directors passed a resolution authorizing Mr. Massey and
17  Mr. Richards to do this and to act in this capacity.  However,
18  I have some concern about relying on the attorneys for this
19  purpose -- or rather relying on the attorneys' certification
20  regarding the board resolution to allow the attorneys to do
21  this.
22           Ordinarily, I think as everyone knows here, the
23  actual board resolution is produced for the Court so that I
24  could assure myself that in fact the board did resolve in this
25  manner.  And I think there is good reason for this practice.

1                 To me, relying on Mr. Nevares' certification about
2    what the board resolved is really no different than me relying
3    on one of the lawyers here, Mr. Massey or Mr. Richards, as to
4    what the board resolved.  So the attorney certification is
5    really one step removed from the actual resolution, and I
6    think unnecessarily so.  And I don't understand why it is that
7    someone didn't submit the board resolution, since this is a
8    practice that's been followed in a number of cases and seems
9    to me an appropriate one.
10                Now I will say this, however, I understand, as you
11   mentioned a moment ago, Mr. Massey, that the general manager,
12   who is the equivalent of the CEO of Torneos is here,
13   Mr. Galarza.  And he's been authorized, I understand, via this
14   certification that I read that he can also execute these
15   waivers and make these representations to the Court, and has
16   been given that authority by the board of directors.  I will
17   allow Mr. Galarza to be the one to enter these waivers and
18   make these representations on the record, in part because of
19   the certification about the board resolution, but really
20   because by virtue of his position he can bind Torneos and so
21   it seems more appropriate for me to hear from him and for him
22   to be sworn under oath to basically bind Torneos with respect
23   to these very significant waivers that are being entered
24   today.
25                So I am going to have Mr. Galarza put under oath.

1   If you will stand, sir, and raise your right hand.
2               (Whereupon, Mr. Galarza was sworn.)
3               THE COURT:  Please state your full name for the
4   record.
5               MR. GALARZA:  Ignacio Juan Galarza.
6               THE COURT:  What is your current position with
7   Torneos, sir?
8               MR. GALARZA:  I am the general manager.
9               THE COURT:  How long have you been in that position?
10              MR. GALARZA:  Since the 22nd of June 2015.
11              THE COURT:  Have you been authorized by the board of
12  directors of Torneos to appear in this matter on their behalf
13  and to waive indictment in this matter?
14              MR. GALARZA:  Yes, Your Honor.
15              THE COURT:  I should ask you, I gather that English
16  isn't your first language, but that you have no difficulty
17  understanding me or everything that's transpired so far; is
18  that correct?
19              MR. GALARZA:  Yes, Your Honor.
20              THE COURT:  Now, are you also authorized to waive
21  Torneos' Speedy Trial rights and to agree to a four-year
22  exclusion of time under the Speedy Trial Act and to allow the
23  government to defer prosecution of Torneos for that period of
24  time?
25              MR. GALARZA:  Yes, Your Honor.

1    THE COURT:  And how do you have this authority?
2    MR. GALARZA:  I have it through a board of
3 directors' minute that was held yesterday in Buenos Aires.
4    THE COURT:  By minute you mean resolution?
5    MR. GALARZA:  That's correct.
6    THE COURT:  Yesterday was December 12th; is that
7 right?
8    MR. GALARZA:  Yes, Your Honor.
9    THE COURT:  2016.
10   MR. GALARZA:  Yes.
11   THE COURT:  Is that correct?
12   MR. GALARZA:  Yes, Your Honor.
13   THE COURT:  And that resolution is in writing.
14   MR. GALARZA:  Yes, Your Honor.
15   THE COURT:  You have seen that yourself?
16   MR. GALARZA:  Yes, Your Honor.
17   THE COURT:  Now, Mr. Galarza, have you reviewed a
18 copy of the information that has been filed in this case which
19 contains both the charge and the forfeiture allegation against
20 Torneos?
21   MR. GALARZA:  Yes, Your Honor.
22   THE COURT:  Have you fully discussed the charge and
23 the forfeiture allegation as well as the case in general with
24 your attorneys?
25   MR. GALARZA:  Yes, Your Honor.

1            THE COURT:  Now the information charges Torneos with
2   knowingly and intentionally conspiring with others to devise a
3   scheme and artifice to defraud FIFA, CONMEBOL and Concacaf and
4   their constituent organizations, including to deprive these
5   organizations of their respective rights to honest and
6   faithful services through bribes and kickbacks, and to obtain
7   money and property by means of materially false and fraudulent
8   pretenses, representations and promises, and for the purposes
9   of executing such scheme and artifice to transmit and cause to
10  be transmitted by means of wire communication in interstate
11  and foreign commerce, writings, signed, signals, pictures and
12  sounds, specifically wire transfers, emails, faxes, and
13  telephone calls.
14           Do you understand that charge?
15           MR. GALARZA:  Yes, Your Honor.
16           THE COURT:  Now the information also gives notice
17  that the government will seek criminal forfeiture of all
18  Torneos' property that constitutes or is derived from proceeds
19  of this crime.
20           Do you understand that?
21           MR. GALARZA:  Yes, Your Honor.
22           THE COURT:  You should also understand that the
23  nature of the crime that Torneos has been charged with -- I'm
24  sorry -- let me withdraw that.
25           Do you understand fully the nature of the crime that

1  Torneos has been charged with and the nature of the forfeiture
2  allegation against Torneos?
3          MR. GALARZA:  Yes, Your Honor.
4          THE COURT:  And do you understand what the
5  government would have to prove in order to prove this charge
6  of wire conspiracy?
7          MR. GALARZA:  Yes, Your Honor.
8          THE COURT:  Now instead of an indictment, the felony
9  charges have been brought by way of the filing of an
10 information, as I mentioned a moment ago, by the United States
11 Attorney.  Torneos has a constitutional right to be charged by
12 indictment returned by a grand jury, but you have waived that
13 right and consent to being charged by information of the
14 United States.
15         Do you understand that?
16         MR. GALARZA:  Yes, Your Honor.
17         THE COURT:  Now, unless Torneos waives indictment,
18 it cannot be charged with a felony unless a grand jury finds
19 by a return of an indictment that there is probable cause to
20 believe that a crime has been committed, here wire fraud
21 conspiracy, and that the company committed that crime.
22         Do you understand that?
23         MR. GALARZA:  Yes, Your Honor.
24         THE COURT:  Now if Torneos does not waive
25 indictment, the government must present the case to the grand

1   jury and ask it to indict the company in order for the company
2   to be charged with this felony offense.
3          Do you understand?
4          MR. GALARZA:  Yes, your Honor.
5          THE COURT:  You should understand that a grand jury
6   is composed of at least 16, but not more than 23 persons, and
7   that at least 12 grand jurors must find that there is probable
8   cause to believe that Torneos committed the crime with which
9   it is charged before it may be indicted.
10         Do you understand that?
11         MR. GALARZA:  Yes, Your Honor.
12         THE COURT:  The grand jury, you should understand,
13   might or might not indict Torneos.
14         Do you understand that?
15         MR. GALARZA:  Yes, your Honor.
16         THE COURT:  If Torneos waived indictment by the
17   grand jury, however, the case will proceed against it on the
18   U.S. Attorney's information alone just as though Torneos had
19   been indicted.
20         Do you understand that?
21         MR. GALARZA:  Yes, your Honor.
22         THE COURT:  Mr. Galarza, do you fully understand the
23   right to indictment by the grand jury?
24         MR. GALARZA:  Yes, Your Honor.
25         THE COURT:  Now does Torneos waive the right to have

1  this case proceed by way of an indictment and to be indicted
2  by a grand jury?
3      MR. GALARZA:  Yes, Your Honor.
4      THE COURT:  Is this waiver being made knowingly and
5  voluntarily?
6      MR. GALARZA:  Yes, Your Honor.
7      THE COURT:  Has Torneos' board of directors
8  discussed this decision, if you know, with their attorneys?
9      MR. GALARZA:  Yes, Your Honor.
10     THE COURT:  You know that they have?
11     MR. GALARZA:  Yes.
12     THE COURT:  And have you also discussed this
13 decision with Torneos' attorneys?
14     MR. GALARZA:  Yes, your Honor.
15     THE COURT:  Is Torneos fully satisfied with the
16 representation, counsel, and advice given to the company in
17 this case by its attorneys?
18     MR. GALARZA:  Yes, Your Honor.
19     THE COURT:  I am going to accept Torneos' waiver of
20 the indictment and what I might do, Mr. Massey, I see that you
21 signed on behalf of Torneos.  I would also like Mr. Galarza to
22 sign as well, so I am going to hand this back, and I am
23 referring to the waiver of indictment form.
24     I am going to turn to government for a minute.  I am
25 not intending to arraign him on the indictment, which I assume

1   is part of this.
2           MR. NITZE:  Yes.
3           THE COURT:  You want the arraignment?
4           MR. NITZE:  Yes, and we'll hold the charges in
5   abeyance.
6           THE COURT:  Okay.  I am now going to sign the waiver
7   of indictment which has been endorsed both by Mr. Galarza and
8   Mr. Massey, as the attorney.
9           Let's turn now to the arraignment on the
10  information.
11          Mr. Galarza, a moment ago I advised you of the
12  charge in the information, which is conspiracy to engage in
13  wire fraud.
14          Does Torneos waive a formal reading of this charge?
15          MR. GALARZA:  Yes, Your Honor.
16          THE COURT:  How does Torneos plead to this charge,
17  guilty or not guilty?
18          MR. GALARZA:  Not guilty, Your Honor.
19          THE COURT:  Now I understand that Torneos has
20  entered into a deferred prosecution agreement with the
21  government and that as part of that agreement Torneos has
22  consented to a four-year exclusion of time under the Speedy
23  Trial Act pursuant to 18 United States Code, Section 3161(h)2.
24          Is that correct, Mr. Galarza?
25          MR. GALARZA:  Yes, Your Honor.

1           THE COURT:  Now I want to note that Section 3161(h)2
2   specifically applies to this situation and provides for the
3   exclusion of time for, and I quote, any period of delay during
4   which prosecution is deferred by the attorney for the
5   government, pursuant to written agreement with the defendant,
6   with the approval of the Court for the purpose of allowing the
7   defendant to demonstrate his good conduct.
8           Are you aware of that provision, Mr. Galarza?
9           MR. GALARZA:  Yes, Your Honor.
10          THE COURT:  And is it correct that Torneos has
11  agreed to the exclusion of a four-year period of time for this
12  purpose and as part of its deferred prosecution agreement with
13  the government?
14          MR. GALARZA:  Yes, Your Honor.
15          THE COURT:  And has Torneos also agreed, I guess, to
16  join in the government's motion to hold this case in abeyance
17  for a four-year period?
18          MR. GALARZA:  Yes, Your Honor.
19          THE COURT:  I will exclude the time pursuant to 18
20  U.S.C. 3161(h)2 from now until the next 48th month, if someone
21  can figure out when exactly that is.  I guess that would be
22  December 13th, 2020, correct?
23          THE COURTROOM DEPUTY:  That's a Sunday.
24          THE COURT:  It's a Sunday.  We will move it to the
25  Monday, so it will be the 14th.

GEORGETTE K. BETTS, RPR, CSR
Official Court Reporter

1            All right.  I will also hold this matter in abeyance
2   until that date as well.
3            Is there anything else I need to address?
4            I have one question for you.
5            MR. NITZE:  May I have just one moment, Your Honor?
6            THE COURT:  Tell me about the stipulation of
7   settlement and forfeiture.  Do I need to sign that?  It didn't
8   appear so.
9            MR. NITZE:  You don't, Your Honor.  That's a form
10  document that may be used later.
11           THE COURT:  Okay.  Consider whether I need to
12  address anything else.
13           MR. NITZE:  Nothing further from the government,
14  Your Honor.
15           THE COURT:  From the defense?
16           MR. MASSEY:  Nothing further, Your Honor.
17           THE COURT:  So to appease my deputy, who really is
18  the most important person in this room, I am going to set a
19  control status conference date on the 14th of December 2020,
20  hopefully, we will be all the same positions then, and at
21  10:00 a.m.
22           Obviously, I assume I will hear from you sooner than
23  that, but at least we have a control date.  Good.
24           Nice seeing everybody.  Thank you.
25           MR. NITZE:  Thank you, judge.

1          MR. MASSEY:  Thank you, Your Honor.

2              (Matter concluded.)

3

4                    *     *     *     *     *

5

6    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
7

8    s/ Georgette K. Betts              December 14, 2016

9    GEORGETTE K. BETTS                 DATE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    GEORGETTE K. BETTS, RPR, CSR
                         Official Court Reporter